NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NSK CORPORATION, NSK LTD., AND NSK EUROPE LTD.,**
*Plaintiffs-Appellees,*

AND

**FAG ITALIA, S.P.A., SCHAEFFLER GROUP USA, INC., SCHAEFFLER KG, THE BARDEN CORPORATION, AND THE BARDEN CORPORATION (U.K.) LTD.,**
*Plaintiffs-Cross Appellants,*

AND

**JTEKT CORPORATION AND KOYO CORPORATION OF U.S.A.,**
*Plaintiffs-Appellees,*

AND

**SKF AEROENGINE BEARINGS UK AND SKF USA INC.,**
*Plaintiffs-Cross Appellants,*

v.

**UNITED STATES,**
*Defendant-Appellant,*

AND

**THE TIMKEN COMPANY,**
*Defendant-Appellant.*

---

2011-1362, -1382, -1383, -1454

---

Appeals from the United States Court of International Trade in consolidated case nos. 06-CV-0334, 06-CV-0335, and 06-CV-0336, Judge Judith M. Barzilay.

---

Before NEWMAN, SCHALL, and DYK, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

## ORDER

Timken Company moves for a stay, pending appeal, of the judgment of the United States Court of International Trade. Timken states that SKF Aeroengine Bearings UK, SKF USA Inc., FAG Italia, S.P.A., Schaeffler Group USA, Inc., Schaeffler KG, the Barden Corporation, and the Barden Corporation (U.K.) Ltd. do not oppose. JTEK Corporation, Koyo Corporation of U.S.A., NSK Corporation, NSK Ltd., and NSK Europe Ltd. oppose. Timken also states that the United States consents to the motion, but the government did not itself file separate papers.

The power to stay a judgment pending appeal is part of a court's "'traditional equipment for the administration of justice.'" *Nken v. Holder,* 129 S.Ct. 1749, 1757 (2009) (citing *Scripps-Howard Radio, Inc. v. FCC,* 316 U.S. 4, 9-10 (1942)). A stay, however, is not a matter of right but instead an exercise of judicial discretion. *Nken,* 129 S.Ct. at 1761. The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion based on consideration of four factors, the first two of which are the most critical: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987).

As a result of the International Trade Commission's final negative injury determination, by statute, Commerce must revoke the antidumping duty order regarding the subject ball bearings in suit. 19 U.S.C. § 1675(d)(2). While Timken requests that this court stay the effect of this directive, the United States Court of International Trade in denying the same relief explained that Timken's alleged harm with regard to upcoming third sunset review appears to be merely "speculative." Given § 1675(d)(2)'s clear directive and the standard of review on appeal, without prejudicing the ultimate disposition of this case by a merits panel, we conclude based upon the papers submitted that Timken has not established the requisite likelihood of success and sufficient irreparable harm necessary to obtain a stay of the Court of International Trade's judgment pending appeal.

Accordingly,

IT IS ORDERED THAT:

The motion for a stay, pending appeal, of the judgment of the Court of International Trade is denied.

FOR THE COURT

JUL   6 2011
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:  Eric P. Salonen, Esq.
     David A.J. Goldfine, Esq.
     Claudia Burke, Esq.
     Matthew P. Jaffe, Esq.
     Herbert C. Shelley, Esq.
     Max F. Schutzman, Esq.
     Neil R. Ellis, Esq.

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JUL 0 6 2011

JAN HORBALY
CLERK

s23